Chief Judge Breitel
(dissenting). The single paper decision and order of the Extraordinary Special and Trial Term states unequivocally that "[t]hese interest-of-justice considerations by themselves, of course, would obviously not provide sufficient basis for dismissal of this indictment.” Reading the single paper as a whole, as one must, the court did not hold that the indictment could be dismissed in the interest of justice, but only used the interest of justice, whatever that meant, as a makeweight gloss on its conclusions of law. Hence, the decision and order does not oust this court of the power to review as was true in People v Beige (41 NY2d 60, 61-62). Consequently, I would reach the merits straightforwardly and would reverse on the ground that CPL 530.10 authorizes only a defendant to apply for release on bail or recognizance.
Under elementary principles a lawyer retained for that purpose may make the application. The misrepresentation in this case related to the retention of a lawyer for that purpose when that was not the fact. There are strong policy reasons why the release of a defendant must be made on an authorized application, if only because of the danger that accomplices and their principals for reasons inimical to the defendant may wish to "spring” a defendant who may already have "sung” or is anticipated to "sing” for the prosecution (see People v Luciano, 277 NY 348, 355-356, mot for rearg den 278 NY 624, cert den 305 US 620).
The effect of the misstatement in this case, even if it ultimately appeared that it was for the benefit of defendant, was nevertheless to deceive the correction and court officials involved that a properly authorized application had been made to the Justice issuing the order.
Judges Gabrielli, Fuchsberg and Cooke concur in a memorandum; Judge Jones concurs in a separate opinion in which Judge Wachtler concurs; Chief Judge Breitel dissents and votes to reverse in a separate opinion in which Judge Jasen concurs.
Order affirmed.